JUDGE CLARKE

24 CV 02668

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff
King Spider LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC,<br><br>*Plaintiff*<br><br>v.<br><br>PANDA (HONG KONG) TECHNOLOGY CO., LTD. d/b/a PANDABUY,<br><br>*Defendant* | **Civil Case No.:**<br><br>[PROPOSED]<br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANT'S ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or King Spider** | King Spider LLC |
| **PandaBuy or Defendant** | Panda (Hong Kong) Technology Co., Ltd. operates the Pandabuy.com online platform, which aids consumers across the world and specifically consumers residing in the U.S., including New York, by locating, consolidating, marketing, promoting, offering for sale, selling, purchasing, warehousing and shipping goods from third-party Chinese marketplaces. |
| **Taobao** | Taobao, operating as Taobao.com, is owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China. |
| **1688** | 1688, operating as 1688.com, is also owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China. |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 60 East 42nd Street, Suite 1250, New York, New York 10165 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery |
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Sp5der Registrations** | 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for "sp5der" for a variety of goods in Class 25; 7,049,772 for "SP5DER" for a variety of goods in Class 25; 7,031,211 for "555 555" for a variety of goods |

1

| | |
|---|---|
| | in Class 25; 6,688,472 for "*p\*nk!*" for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; and 7,270,084 for "**SP5WOM**" for a variety of goods in Class 25 |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 for "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 for "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 for "SP5" for a variety of goods in Class 25; 97/141,407 for "*555 555*" for a variety of goods in Classes 9 and 41; 90/183,203 for "**5**" for a variety of goods in Class 25; 97/141,391 for "*sp5der*" for a variety of goods in Classes 9 and 41; 90/183,210 for "*[logo]*" for a variety of goods in Class 25; and 97/141,416 for "*p\*nk!*" for a variety of goods in Classes 9 and 41 |
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Infringing Listings** | Defendant's listings for Counterfeit Products |
| **Merchant Storefronts** | Any and all storefronts through which sellers on the Taobao and 1688 platforms to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are promoted and/or advertised by Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's** | Any and all financial accounts associated with or utilized by |

2

| Financial Accounts | Defendant (whether said account is located in the U.S. or abroad) |
|---|---|
| Financial Institutions | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay) and Apple Inc. payment services (e.g. Apple Pay) |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants and Financial Institutions in light of Defendant's intentional and willful advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging and shipping of Counterfeit Products.[1] Having reviewed the Application, Declarations of CB Rucker and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Sp5der, launched by Plaintiff in or about 2019, is a successful and high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, bags and other ready-made goods which are distributed through various channels of trade in the United States and abroad ("Sp5der Brand").

2. The Sp5der Products are marketed under the Sp5der Marks. The Sp5der Brand is recognized for its familiar motifs, including rhinestones and spider webs, as well as its eccentric design language.

3. The Sp5der Products are sold exclusively direct to consumer via King Spider's official website, htttps://kingspider.co.

4. The Sp5der Products are only sold in periodic quantity-limited releases in which the Sp5der Products are not restocked once they sell out and in each quantity-limited release the supply of Sp5der Products made is intentionally low (hereinafter, "Drop").

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

4

5. As of the date of this declaration, the Sp5der Products are currently and have always been manufactured in the United States and Pakistan only[2] and are not sold in or sold from China, nor are any sellers, including sellers promoted by Defendant, authorized to sell Sp5der Products via the PandaBuy platform.

6. While Sp5der has gained significant common law trademark and other rights in its Sp5der Marks and Sp5der Products through use, advertising and promotion, Sp5der also protected its valuable rights by filing for and obtaining federal trademark registrations.

7. For example, King Spider owns the following U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for " *sp5der* " for a variety of goods in Class 25; 7,049,772 for " *SP5DER* " for a variety of goods in Class 25; 7,031,211 for " *555 555* " for a variety of goods in Class 25; 6,688,472 for " *p\*nk!* " for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; and 7,270,084 for " **SP5WOM** " for a variety of goods in Class 25. King Spider has also applied for the registration of U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 for "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 for "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 for "SP5"

---

[2] The only Sp5der Products that are and have ever been manufactured in China are belts, caps, outerwear, one (1) women's swimwear set, and underwear.

for a variety of goods in Class 25; 97/141,407 for " 555 555 " for a variety of goods in Classes 9 and 41; 90/183,203 for " 5 " for a variety of goods in Class 25; 97/141,391 for " sp5der " for a variety of goods in Classes 9 and 41; 90/183,210 for " 🕷 " for a variety of goods in Class 25; and 97/141,416 for " p*nk! " for a variety of goods in Classes 9 and 41. The Sp5der Marks are currently in use in commerce in connection with the Sp5der Products.

8. Defendant is advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products through the PandaBuy e-commerce platform.

9. Defendant is not, nor have it ever been, an authorized distributor or licensee of the Sp5der Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendant's use of the Sp5der Marks, nor has Plaintiff consented to Defendant's use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks.

10. Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

11. As a result of Defendant's counterfeiting activities, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendant can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a. Defendant has advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged, shipped, exported and/or otherwise facilitated the sale of Counterfeit Products that infringe the Sp5der Marks;

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Sp5der Products; and

c. Plaintiff has well-founded fears that if they proceed on notice to Defendant on this Application, Defendant will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of Counterfeit Products or other goods that infringe the Sp5der Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform its suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Sp5der Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) and/or secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales and/or facilitation of sales of Counterfeit Products or other goods infringing the Sp5der Marks and records relating thereto that are in their possession or under its control.

12. The balance of potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in

and associated with the Sp5der Marks and to its reputations if a temporary restraining order is not issued.

13. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Sp5der Marks, and to protect the public from being deceived and defrauded by Defendant's passing off of its substandard Counterfeit Products as Sp5der Products.

14. Plaintiff has not publicized its request for a temporary restraining order in any way.

15. Service on Defendant via Federal Express is reasonably calculated to result in proper notice to Defendant.

16. If Defendant is given notice of the Application, it is likely to secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales and/or facilitating sales of Counterfeit Products or other goods infringing the Sp5der Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendant's Assets and/or Defendants' Financial Accounts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions with this Order, and for the Financial Institutions to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendant.

17. Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendant's advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating sales of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I. Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;

2) directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks on or in connection with advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged,

    shipped, exported and/or otherwise sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiff;

6)  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their Assets and the advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

7)  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(6) above and I(B)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendant and all persons in active concert and participation with them who receive actual notice of this Order, including the Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendant is hereby ORDERED to show cause before this Court in Courtroom  20C  of the United States District Court for the Southern District of New York at 500 Pearl Street/~~40 Foley Square,~~ New York, New York on  April 24, 2024 , 2024 at  11:00   a .m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before  April 19 , 2024.  Plaintiff shall file any Reply papers on or before  April 23 , 2024.

C. IT IS FURTHER ORDERED that Defendant is hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.   Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendant's Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

11

## IV. Order Authorizing Bifurcated and Alternative Service by Federal Express

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendant if it is completed via Federal Express at Defendant's registered office address, 6/F Manulife Place, 348 Kwun Tong Road Hong Kong.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be deemed effective as to Defendant and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be made ~~within five (5) days of~~ on the same day as the Financial Institutions compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to Joyce Xiang at joyce.xiang@antgroup.com;

3) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

4)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

5)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

6)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

7)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com.

8)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com; and

9)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com.

### V.   Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within ~~fourteen (14)~~ five (5) days after receiving service of this Order, Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a. their true name and physical address;

13

      b.  the name and location and URL of any and all websites that Defendant owns and/or operates.

      c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

      d.  the account details for any and all of Defendant's Financial Accounts, including, but not limited to, the account numbers and current account balances; and

      e.  the steps taken by Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant who is served with this Order shall provide written responses under oath to such interrogatories within ~~fourteen (14) days~~ five (5) of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant who is served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within ~~fourteen (14) days~~ five (5) of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendant's Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendant

14

(including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within ~~fourteen (14)~~ ten (10) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a. account numbers;

b. current account balances;

c. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

d. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

e. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

15

## VI.  Security Bond

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of Twenty-Five Thousand Dollars ( $25,000 ) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.  Sealing Order

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of CB Rucker and Gabriela N. Nastasi in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this   11   day of   April   , 2024, at _____.m.

*Jessica Clarke*
UNITED STATES DISTRICT JUDGE

16