UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

SPIDER KING LLC,

                                 Plaintiff,                    No. 24-CV-2668 (JGLC)

    -against-

PANDA (HONG KONG) TECHNOLOGY
CO., LTD. d/b/a/ PANDABUY,

                                Defendant.

_____

## PROTECTIVE AGREEMENT AND ORDER

       WHEREAS, by this action (the "Action"), plaintiff Spider King LLC ("Plaintiff") seeks damages and other relief as against defendant Panda (Hong Kong) Technology Co., Ltd. d/b/a/ Pandabuy ("Defendant"); and

       WHEREAS, on April 11, 2024, the Court granted Plaintiff's *ex parte* motion for a temporary restraining order and entered an order of that date (the "TRO"), which was first amended by Order dated April 16, 2024; and

       WHEREAS, by Order entered April 29, 2024 (the "Second Amended TRO"), the Court further amended the TRO and, among other things, directed that certain financial institutions identified in the Second Amended TRO, including non-party JPMorgan Chase Bank, N.A. ("JPMCB"), produce documents and information relating to Defendant's financial assets; and

       WHEREAS, by Order entered on May 6, 2024 (the "May 6 Order"), the Court extended the scope of discovery in the Second Amended TRO to include documents associated with virtual reference numbers ending in 3395 and 9839, which are applicable to Defendant with

respect to an account at JPMCB of non-party Alipay.com Co. Ltd. (the "Alipay Account"), and directed JPMCB to produce such documents; and

WHEREAS, as later determined, there are an additional six virtual reference numbers (now known to total at least eight, including the two ending in 3395 and 9839) associated with Defendant with respect to the Alipay Account; and

WHEREAS, on May 16, 2024, the Court entered a Third Amended TRO;

WHEREAS, to comply with the May 6 Order, the Second Amended TRO and the Third Amended TRO, JPMCB will be producing documents relating to the Alipay Account that encompass transactions relating to the eight virtual reference numbers associated with Defendant and that contain confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and JPMCB, by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by JPMCB to Plaintiff in response to the Second Amended TRO, the Third Amended TRO and the May 6 Order, and to any future subpoena that may be served on JPMCB in connection with the Action.

2. The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by JPMCB, in response to the Second Amended TRO, the Third Amended TRO, the May 6 Order or any future subpoena that may be served on JPMCB, that the bank, after reviewing such record, spreadsheet or other document, reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by

2

any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by JPMCB. JPMCB may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3. If Plaintiff contends that materials designated by JPMCB should not be deemed Confidential Information under this Protective Agreement and Order, it shall so notify JPMCB within 14 days from the receipt of such designation. Upon receipt of such notification, Plaintiff and JPMCB shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Plaintiff and JPMCB are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Plaintiff, Defendant and any person or entity that has signed the agreement annexed as Exhibit A, or otherwise agreed to be bound by the terms of this Protective Agreement and Order, shall not use or disclose Confidential Information for any purpose other than for use in the Action.

5. Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action, but only on the condition that Plaintiff shall first request that the Court permit such Confidential Information to be filed under seal unless JPMCB expressly waives that requirement in writing.

6. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action:

   a. Counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

   b. Experts or consultants assisting counsel for those parties in the Action, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

   c. Potential, anticipated and actual witnesses, and their counsel, in the Action, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

   d. The Court in the Action; and

   e. Court reporters employed in connection with the Action.

7. Before counsel may show or disclose Confidential Information pursuant to Section 6 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 6 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

8. The inadvertent disclosure by JPMCB of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and JPMCB shall have the right to have the document or information returned to them. Nor shall this Protective Agreement and Order be construed as requiring JPMB, or any of

4

its branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction.  The inadvertent disclosure in violation of any such law shall not be considered a waiver of JPMCB's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

9. The obligations under this Protective Agreement and Order shall survive the termination of the Action and shall continue to bind Plaintiff, JPMCB and all parties to whom Confidential Information is disclosed and who are bound by this Protective Agreement and Order.

10. This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles.  Any amotion or proceeding related in any way to this Protective Agreement and Order shall be brought in the Action.

11. Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

12. The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

13. JPMCB's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to compliance with the Second Amended TRO, the Third Amended TRO, the May 6 Order or any subpoena that may later be served on JPMCB in connection with the Action.

| EPSTEIN DRANGEL LLP | BRAVERMAN GREENSPUN P.C. |
|---|---|
| By: /s/ Jason M. Drangel | By: /s/Steven B. Feigenbaum |
| Jason M. Drangel | Steven B. Feigenbaum |
| 60 East 42nd Street | 110 East 42nd Street, 17th Floor |
| New York, New York 10165 | New York, New York 10017 |
| (212) 292-5390 | (212) 682-2900 |
| jdrangel@ipcounselors.com | sfeigenbaum@braverman.net |
| *Attorneys for Plaintiff Spider King LLC* | *Attorneys for Non-party JPMorgan Chase Bank, N.A.* |

SO ORDERED:      May 20, 2024

*/s/ Jessica Clarke*

United States District Judge

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

   I have been informed that on May ___, 2024, the United States District Court for the Southern District of New York entered a Protective Agreement and Order (the "Protective Order") in the litigation entitled *Spider King LLC v. Panda (Hong Kong) Technology Co., Ltd. d/b/a/ Pandabuy*, Civil Action No. 24-CV-2668 (JGLC) (S.D.N.Y.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." I acknowledge that my duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____