**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENIM TEARS, LLC, KING SPIDER LLC, LOEWE, S.A., OFF-WHITE LLC, PALACE SKATEBOARDS LIMITED, GSLT HOLDINGS LIMITED, and RVRG HOLDINGS LLC,<br><br>*Plaintiffs*<br><br>v.<br><br>PANDA (HONG KONG) TECHNOLOGY CO., LTD. d/b/a PANDABUY,<br><br>*Defendant* | **24-cv-2668 (JGLC)**<br><br>**[PROPOSED]**<br>**PRELIMINARY**<br>**INJUNCTION ORDER** |

1

## GLOSSARY

| Term | Definition | Docket Entry No(s). |
|---|---|---|
| **Plaintiffs** | Denim Tears, LLC ("Denim Tears"), King Spider LLC ("Sp5der"), Loewe, S.A. ("Loewe"), Off-White LLC ("Off-White"), Palace Skateboards Limited and GSLT Holdings Limited (collectively referred to as "Palace"), and RVRG Holdings LLC ("Rhude") | N/A |
| **PandaBuy or Defendant** | Panda (Hong Kong) Technology Co., Ltd. operates the Pandabuy.com online platform, which aids consumers across the world and specifically consumers residing in the U.S., including New York, by locating, consolidating, marketing, promoting, offering for sale, selling, purchasing, warehousing and shipping goods from third-party Chinese marketplaces | N/A |
| **Taobao** | Taobao, operating as Taobao.com, is owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China | N/A |
| **1688** | 1688, operating as 1688.com, is also owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs | N/A |
| **New York Address** | 60 East 42nd Street, Suite 1250, New York, New York 10165 | N/A |
| **Complaint** | Sp5der's Complaint filed on April 9, 2024 | 17 |
| **FAC** | Plaintiffs' First Amended Complaint | 54 |
| **Sp5der's Application** | Sp5der's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery filed on April 9, 2024 | 22-25 |
| **TRO** | Temporary Restraining Order entered on April 11, 2024 | 27 |
| **First Amended TRO** | First Amended Temporary Restraining Order entered on April 16, 2024 | 28 |
| **Second Amended TRO** | Second Amended Temporary Restraining Order entered on April 29, 2024 | 29 |
| **Third Amended** | Third Amended Temporary Restraining Order entered on | 41 |

| **TRO** | May 16, 2024 | |
| --- | --- | --- |
| **TROs** | TRO, First Amended TRO, Second Amended TRO and Third Amended TRO | 27-29, 41 |
| **Second Application** | Plaintiffs' Application for: 1) an order continuing the restraint on Defendant's Assets with the Financial Institutions (as defined *infra*); 2) an order to show cause why a preliminary injunction should not issue; 3) an order authorizing continued alternative service; and 4) an order authorizing expedited discovery | TBD |
| **Rucker Dec.** | Declaration of CB Rucker in Support of Sp5der Application | 23 |
| **Herring Dec.** | Declaration of Kevin Herring in Support of the Second Application | TBD |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of the Second Application | TBD |
| **Igel Dec.** | Declaration of Brian Igel in Support of the Second Application | TBD |
| **Hussey Dec.** | Declaration of Thomas Hussey in Support of the Second Application | TBD |
| **Dirocie Dec.** | Declaration of Yira Dirocie in Support of the Second Application | TBD |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Sp5der's Application | 24 |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of the Second Application | TBD |
| **Denim Tears Products** | A successful high-end lifestyle streetwear of men's and women's apparel, accessories, bags and other ready-made goods which are recognized for its powerful imagery, bold graphics, intricate details and is most notably known for its image of a cotton wreath as motif | N/A |
| **Denim Tears Marks** | U.S. Trademark Registration Nos.: 6,130,729 for "DENIM TEARS" for a variety of goods in Class 25; and 6,770,233 for " " for a variety of goods in Class 25. | N/A |
| **Denim Tears Work** | U.S. Copyright Registration No.: VA 2-248-145 covering "COTTON WREATH" | N/A |
| **Loewe Products** | A world-famous luxury brand of luxury goods including men's and women's apparel, accessories, leather goods, perfumes and cosmetics | N/A |
| **Loewe Marks** | U.S. Trademark Registration Nos.:1,328,409 for for a variety of goods in Classes 18 and 25; | N/A |

3

| | | |
|---|---|---|
| | 4,852,854 for [L logo] for a variety of goods in Class 25; 5,047,314 for [Loewe anagram logo] for a variety of goods in Classes 3, 9, 14, 18 and 25; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; and 2,770,759 for "LOEWE" for a variety of goods in Class 25 | |
| **Off-White Products** | A young, successful high-end lifestyle streetwear line of men's and women's apparel as well as accessories, jewelry, homeware and other ready made goods | N/A |
| **Off-White Marks** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for [diagonal stripes logo] for a variety of goods in Class 18 and 25; 5,710,288 for [diagonal stripes logo] for a variety of goods in Class 14; 5,307,806 for [diagonal stripes logo] for a variety of goods in Class 18 and 25; 6,303,583 for [diagonal stripes logo] for a variety of goods in Class 25; 5,835,552 for [arrows logo] for a variety of goods in Class 9; 5,387,983 for [arrows logo] for a variety of goods in Class 25; 5,445,222 for [arrows logo] for a variety of goods in Class 25; 5,800,414 for [OFF circle logo] for a variety of goods in Class 9 and 25; 5,681,805 for [floral arrows logo] for a variety of goods in Class 9; | N/A |

4

| | | |
|---|---|---|
| | 5,663,133 for ![mark] for a variety of goods in Class 25; 6,054,044 for ![mark] for a variety of goods in Class 25; 6,272,565 for ![mark] for a variety of goods in Class 25; 6,290,768 for ![mark] for a variety of goods in Class 25; 6,114,562 for ![mark] for a variety of goods in Class 25; 6,131,346 for ![mark] for a variety of goods in Class 18; 6,035,585 for ![mark] for a variety of goods in Class 25; 6,137,880 for ![mark] for a variety of goods in Class 25; and 6,505,708 for ![mark] for a variety of goods in Class 14; 6,002,434 for ![mark] for a variety of goods in Class 25; 6,126,306 for ![mark] for a variety of goods in Class 25; and 6,681,777 for ![mark] for a variety of goods in Class 25 | |
| **Palace Products** | A London-based clothing brand known for its distinctive graphic and logo-heavy apparel designs | N/A |
| **Palace Marks** | U.S. Trademark Registration Nos.: 5,225,520 for "PALACE" for goods in Classes 18, 25, 28 and 35; 5,197,782 for "PALACE SKATEBOARDS" for goods in Classes 28 and 35; 4,762,471 for "![PALACE SKATEBOARDS logo]" for goods in Classes | N/A |

| | | |
|---|---|---|
| | 18 and 25; 6,055,982 for " [PALACE logo] " for goods in Class 25; 5,711,377 for " [PALACE triangle logo] " for goods in Class 25; 5,220,519 for " [P logo] " for goods in Classes 18, 25, 28 and 35; 6,254,169 for "PALACE" for goods in Classes 35 and 41; and 6,254,168 for " [PALACE triangle logo] " for goods in Classes 35 and 41 | |
| **Rhude Products** | A globally successful ready-to-wear brand of men's and women's apparel, accessories, and footwear | N/A |
| **Rhude Marks** | U.S. Trademark Registration Nos.: 5,827,712 for "RHUDE" for a variety of goods in Class 18; 5,827,706 for "RHUDE" for goods in Class 25; and 5,385,699 for "RHUDE" for a variety of goods in Class 25 | N/A |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line specializing in men's and women's apparel, accessories, bags and other ready-made goods | N/A |
| **Sp5der Registrations** | U.S. Trademark Registration Nos. 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for " [sp5der logo] " for a variety of goods in Class 25; 7,049,772 for " [SP5DER logo] " for a variety of goods in Class 25; 7,031,211 for " [555 555 logo] " for a variety of goods in Class 25; 6,688,472 for " [p*nk! logo] " for a variety of | N/A |

| | | |
|---|---|---|
| | goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; and 7,270,084 for " **SP5WOM** " for a variety of goods in Class 25 | |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 for "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 for "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 for "SP5" for a variety of goods in Class 25; 97/141,407 for " *555 555* " for a variety of goods in Classes 9 and 41; 90/183,203 for " **5** " for a variety of goods in Class 25; 97/141,391 for " *sp5der* " for a variety of goods in Classes 9 and 41; 90/183,210 for " *55* " for a variety of goods in Class 25; and 97/141,416 for " *p\*nk!* " for a variety of goods in Classes 9 and 41 | N/A |
| **Plaintiffs' Marks** | Denim Tears Marks, Loewe Marks, Off-White Marks, Palace Marks, Rhude Marks and Sp5der Marks | N/A |
| **Plaintiffs' Products** | Denim Tears Products, Loewe Products, Off-White Products Palace Products, Rhude Products and Sp5der Products | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Denim Tears Marks, Denim Tears Work, Loewe Marks, Off-White Marks, Palace Marks, Rhude Marks and/or Sp5der Marks, and/or products in packaging and/or containing labels bearing the Denim Tears Marks, Loewe Marks, Off-White Marks, Palace Marks, Palm Angels Marks, Rhude Marks and/or Sp5der Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Denim Tears Marks, Denim Tears Work, Loewe Marks, Off-White Marks, Palace Marks, Rhude Marks and/or Sp5der Marks and/or products that are identical or confusingly or substantially similar to the Denim Tears ProductsLoewe Products, Off-White Products, Palace Products, Rhude Products and/or Sp5der Products | N/A |
| **Infringing Listings** | Defendant's listings for Counterfeit Products | N/A |

| | | |
|---|---|---|
| **Merchant Storefronts** | Any and all storefronts through which sellers on the Taobao and 1688 platforms to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are promoted and/or advertised by Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay), Apple Inc. payment services (e.g. Apple Pay), JPMorgan Chase Bank, NA ("Chase"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions Inc. ("PingPong"), Airwallex (Hong Kong) Limited ("Airwallex HK"), Airwallex (UK) Limited, Worldpay (HK) Limited ("Worldpay"), World First UK Ltd. ("World First"), Bank of China ("BOC"), Citibank N.A. ("Citibank") and Green Dot Bank and/or any entities affiliated with those listed herein holding Defendant's Assets | N/A |

WHERAS, Sp5der moved *ex parte* on April 9, 2024 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Sp5der's Application on April 11, 2024 (the "TRO"), which ordered Defendant to appear on April 24, 2024 at 11:00 a.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on April 16, 2024, the Court entered the First Amended TRO, which, *inter alia*, rescheduled the Show Cause Hearing to May 8, 2024 at 2:30 p.m.;

WHEREAS, on April 29, 2024, the Court entered the Second Amended TRO, which, *inter alia*, rescheduled the Show Cause Hearing to May 28, 2024 at 3:00 p.m.;

WHEREAS, on May 16, 2024, the Court entered the Third Amended TRO, which, *inter alia*, rescheduled the Show Cause Hearing to June 3, 2024 at 3:00 p.m.;

WHEREAS, on May 29, 2024, pursuant to the alternative methods of service authorized by the TRO, Sp5der served the Summons, Complaint, TRO, First Amended TRO, Second Amended TRO, Third Amended TRO and all papers filed in support of the Application on Defendant via Federal Express, which was successfully delivered on June 3, 2024;

WHEREAS, on June 3, 2024 at 3:00 p.m., Sp5der appeared at the Show Cause Hearing, however Defendant did not appear.

WHEREAS, on June 17, 2024, Plaintiffs filed the First Amended Complaint, and thereafter on June 20, 2024, filed a revised First Amended Complaint.

WHEREAS, on June 26, 2024, pursuant to the alternative methods of service authorized by the TROs, Plaintiffs served the Amended Complaint and all papers filed in support of the

Second Application on Defendant via Federal Express, which was successfully delivered on July 2, 2024.

## **ORDER**

1. Plaintiffs are entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

    i. advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products or any other products bearing the Plaintiffs' Marks and/or Denim Tears Work and/or marks that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Plaintiffs' Marks and/or Denim Tears Work;

    ii. directly or indirectly infringing in any manner any of Plaintiffs' Marks and/or Denim Tears Work;

    iii. using any reproduction, counterfeit, copy or colorable imitation of any of Plaintiffs' Marks and/or Denim Tears Work, to identify any goods or services not authorized by Plaintiffs;

    iv. using Plaintiffs' Marks and/or Denim Tears Work and/or any other marks and/or artwork that are confusingly and/or substantially similar to Plaintiffs' Marks and/or Denim Tears Work on or in connection with advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging,

      shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

   v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged, shipped, exported and/or otherwise sold by Defendant with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiffs;

   vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating Defendant's Assets and the advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

   vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above, and 1(b)(i) below.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Financial

Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TROs shall remain in place through the pendency of this litigation, including that:

   a) ~~Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant, served with this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.~~

   b) ~~Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.~~

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

      i. account numbers;

     ii. current account balances;

    iii. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    iv. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    v. any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

3. As sufficient cause has been shown, the asset restraining order in the TROs shall remain in effect through the pendency of this action.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), that service may be made on, and shall be deemed effective as to Defendant if it is completed via Federal Express at Defendant's registered office address, 6/F Manulife Place, 348 Kwun Tong Road Hong Kong.

5. As sufficient cause has been shown, such alternative service by electronic means ordered in the TROs and herein shall be deemed effective as to Defendant and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

c) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

d) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

e) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

f) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

g) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com.

h) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com;

i) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com;

j) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where JPMorgan Chase Bank, NA will be able to download a PDF copy of this Order via electronic mail to kristina.r.hall@jpmchase.com;

k) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

l) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

m) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex (Hong Kong) Limited and Airwallex (UK) Limited will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com;

n) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Worldpay (HK) Limited will be able to download a PDF copy of this Order via electronic mail to support@worldpay.com;

o)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where World First UK Ltd. will be able to download a PDF copy of this Order via electronic mail to complaints@worldfirst.com;

p)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Bank of China will be able to download a PDF copy of this Order via electronic mail to service.at@bankofchina.com;

q)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Citibank N.A. will be able to download a PDF copy of this Order via electronic mail to alyssa.mitchell@citi.com, renae.a.rodriguez@citi.com and lsi@citi.com; and

r)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Green Dot Bank will be able to download a PDF copy of this Order via electronic mail to IR@greendot.com.

7. Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by it in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $25,000.00 bond posted by Plaintiff Sp5der shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __10__ day of __July_____, 2024, at _____ __.m.
New York, New York

The Clerk of Court is directed to terminate ECF No. 55.

                                             _____
                                             HON. JESSICA G. L. CLARKE
                                             UNITED STATES DISTRICT JUDGE