UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC, et al, <br><br>         Plaintiffs, <br><br> -against- <br><br> PANDA (HONG KONG) TECHNOLOGY CO., LTD., d/b/a PANDABUY, <br><br>         Defendant. | 24-CV-2668 (JGLC) <br><br> **OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  By order dated January 14, 2025, this Court dissolved the preliminary injunction previously entered on July 10, 2024 (ECF No. 80, the "Preliminary Injunction") after concluding Plaintiffs were not likely to succeed on their direct trademark and copyright infringement claims. ECF No. 116 (the "PI Order"). That same day, Plaintiffs filed a notice of interlocutory appeal to the Second Circuit (ECF No. 117), which has already been transmitted. On January 15, 2025, Plaintiffs filed the instant application to restore the Preliminary Injunction pending Plaintiffs' motion for reconsideration or appeal. *See* ECF Nos. 119 ("Motion" or "Mot."), 120 ("Mem."). For the reasons set forth below, the Court DENIES Plaintiffs' application to restore the Preliminary Injunction, and declines to impose a stay of its PI Order because the relevant factors do not weigh in Plaintiffs' favor. However, the Court will permit a brief stay of 14 days to allow Plaintiffs to make an application to the Second Circuit for a stay pending appeal pursuant to Federal Rule of Appellate Procedure 8.

BACKGROUND

  Given the emergency nature of the motion, and the recency of the Court's PI Order, the Court assumes the parties' familiarity with the relevant facts and procedural history. The

Court therefore only provides a brief recitation of the history relevant to Plaintiffs' instant application.

Plaintiffs are the creators of various high end luxury brands selling men's and women's apparel, accessories, bags, jewelry, and various other goods. ECF No. 54 ("Am. Compl.") at i–v. Plaintiffs each allege to have trademark protections, Am. Compl., Exs. A-F, and Plaintiff Denim Tears also claims to have copyright protection. ECF No. 54-1. Plaintiff King Spider moved for an *ex parte* temporary restraining order ("TRO") at the outset of the case, which was granted and extended several times. ECF Nos. 22, 27, 28, 29, 41. Subsequently, the Court entered a Preliminary Injunction without Defendant having appeared or opposed the application. The Preliminary Injunction enjoined Pandabuy from selling Plaintiffs' counterfeit products and froze over $16 million of Pandabuy's assets that Plaintiffs were able to locate, among other relief.

On August 19, 2024, Defendant filed its motion to modify or dissolve the Preliminary Injunction. ECF No. 92. Oral argument was held on October 24, 2024. Neither party sought an evidentiary hearing, and Plaintiffs denied one was necessary. ECF No. 113 ("Oral Arg. Tr.") at 30:1-14. After a careful review of the record, this Court dissolved the Preliminary Injunction on January 14, 2025, concluding Plaintiffs were not likely to succeed on their direct infringement claims. *See generally* PI Order. The instant application followed.

On January 14, 2025, the Court stayed the effect of the PI Order to allow time to hear from the parties on Plaintiffs' application. The Court held oral argument on January 17, 2025. As of the date of the argument, Pandabuy's counsel represented that over $1.3 million remains frozen in the relevant Pandabuy account.

**DISCUSSION**

Plaintiffs, citing Federal Rule of Civil Procedure 62(d), ask that the Court stay the effect of the PI Order and restore the Preliminary Injunction, including "the injunctive relief set forth therein" pending their appeal to the Second Circuit and their (presumably intended) motion for reconsideration. Mem. at 1-2. The Court declines to impose a stay pursuant to Rule 62(d) because the balance of factors do not weigh in Plaintiffs' favor. The Court also notes it lacks jurisdiction to impose certain of the relief Plaintiffs request. However, the Court finds, consistent with other decisions in this Circuit, it is appropriate to exercise its discretion to impose a temporary stay to allow Plaintiffs to seek a stay pending appeal from the Second Circuit.

 **I.** **Plaintiffs Have Not Met Their Burden to Show a Stay Pending Appeal is Warranted**

Where, as here, an appeal is pending from an interlocutory order dissolving an injunction, Federal Rule of Civil Procedure 62(d) permits a court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Court is to consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020). The elements of irreparable harm and probability of success are the two most critical factors. *County of Rockland v. MTA*, No. 24-CV-2285 (CS), 2025 WL 100901, at *1 (S.D.N.Y. Jan. 14, 2025) (internal citation and quotation omitted). Even if a movant meets these requirements, "a stay is not a matter of right, even if irreparable injury might otherwise result; rather, a stay is an

exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion." *United States Dep't of Homeland Sec.*, 974 F.3d at 214 (internal citation and quotation omitted).

The balance of these factors do not weigh in Plaintiffs' favor. First, as discussed at length in the PI Order, the Court is not convinced, at this stage of the litigation, that Plaintiffs are *likely* to succeed on their infringement claims. *See* PI Order at 9–17. In their Motion, Plaintiffs merely rehash arguments the Court has already rejected, take issues with the Court's analysis of similar cases, and re-highlight portions of the record the Court already considered in rendering the PI Order. Mem. at 5–12. In addition, Plaintiffs note they sought leave to file a supplemental declaration (ECF No. 115) regarding evidence from a separate case, Mem. at 5. The evidence purportedly showed Pandabuy had agreements to promote certain products. However, as the Court explained at the January 17 oral argument, the PI Order was already finalized prior to this application. And more importantly, Plaintiffs' counsel confirmed at the January 17 conference it has no evidence Pandabuy had agreements to promote *their* products specifically.

*Second*, Plaintiffs do not establish irreparable harm. Plaintiffs claim that without an asset freeze, Pandabuy will deplete all of its funds or move them beyond the Court's reach. Plaintiffs provide no support the latter will occur beyond its own conclusory assertion. Further, the potential monetary harm to Plaintiffs does not constitute irreparable harm unless they can show Pandabuy is, or imminently will be, insolvent. *See, e.g.*, *WestLB AG v. BAC Fla. Bank*, No. 11-CV-5398 (LTS), 2012 WL 3135825, at *5 (S.D.N.Y. Aug. 2, 2012) (denying preliminary injunction and noting the movant failed to meet "high standard" required to satisfy finding of current or imminent insolvency). They fail to do so here. Accordingly, Plaintiffs have not demonstrated a likelihood of irreparable harm.

*Third*, imposing a stay would actually injure Pandabuy and other third parties. Plaintiffs assert that Pandabuy will not suffer any hardship if the asset restraint remains in place. However, this assertion ignores that, according to Pandabuy, a large portion of the frozen funds belongs to customers. ECF No. 108 ¶¶ 26, 35. Moreover, while Plaintiffs acknowledged that sales to consumers in the U.S. accounted for 15-16% of Pandabuy's overall business, the original asset freeze—which exceeded $16 million (ECF No. 116 at 6)—was significantly broader than that sum. ECF Nos. 108 ¶ 35; ECF No. 94 ¶ 26. Even the amount remaining frozen ($1.3 million) likely far exceeds the figure specifically relevant to Plaintiffs' products.[1] *Id.*

Finally, the public interest factor does not dictate a different result. Plaintiffs assert the public has an interest in not being deceived as to trademarks, and in defending copyrights. Mem. at 4–5. The Court agrees that these are important interests. However, this factor does not outweigh the remaining factors that the Court has considered: indeed, irreparable harm and likelihood of success are the two most critical factors. *See Delux Pub. Charter, LLC v. County of Westchester*, No. 22-CV-1930 (PMH), 2024 WL 3744167, at *1 (S.D.N.Y. July 25, 2024).

In addition, it is not clear that the Court could properly entertain Plaintiffs request to (1) file a reconsideration motion; (2) fully restore the *original* Preliminary Injunction; or (3) enter the parties' prior proposed stipulation.[2] The appeal of an order granting a preliminary

---

[1] The parties disputed the exact amount of funds attributable to the sales of Plaintiffs products in the United States. ECF No. 101 at 17–19. However, the Court ultimately did not reach this issue since it dissolved the Preliminary Injunction.

[2] In their Motion, Plaintiffs mischaracterized the nature of a prior proposed stipulation (ECF No. 112-1) between the parties. *See* Mem. at 1 & n.3. That stipulation only purported to resolve a dispute regarding the geographical scope of the Preliminary Injunction. It did not reflect an agreement between the parties with respect to an asset freeze or any other injunctive

injunction "divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *N.Y. State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). Because Plaintiffs have filed a non-frivolous notice of appeal, the Second Circuit now has jurisdiction to decide whether the Preliminary Injunction was properly dissolved, and that issue no longer lies with this Court. *See Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 452050, at *3 (S.D.N.Y. Feb. 5, 2019). Instead, the Court would only be permitted to restore the Preliminary Injunction pending appeal to the extent it would maintain the status quo as the issue sits before the Second Circuit. *Id.* And "maintaining the status quo means that a controversy will still exist once the appeal is heard, [and so] [a]ny action on the district court's part which has the effect of divesting the court of appeals of its jurisdiction over the matter, by eliminating the controversy prior to the hearing of the appeal, is inappropriate." 12 Moore's Federal Practice § 62.06 (2024) (internal citations omitted). Restoring the prior Preliminary Injunction, or granting a reconsideration motion to then restore the Preliminary Injunction, would eliminate the controversy currently before the Second Circuit—namely, whether this Court properly dissolved the Preliminary Injunction.

In short, as set forth above, Plaintiffs have not demonstrated the balance of factors weigh in favor of a stay or otherwise established their entitlement to the requested relief, and the Court therefore denies their request.

---

relief discussed in the Preliminary Injunction. ECF No. 112-1 at 2. It also expressly contemplated no prejudice to the parties' positions regarding the motion to dissolve. *Id.* This is also the reason the Court did not previously enter the stipulation. The parties confirmed this understanding at the January 17, 2025 argument.

6

## II. A Temporary Stay for Plaintiffs to File a Stay Application with the Second Circuit is Appropriate

While the Court denies Plaintiffs' motion and request for a stay pending their appeal to the Second Circuit, it nonetheless finds it is permitted to issue a *brief* stay for the limited purpose of allowing Plaintiffs time to make an application to the Second Circuit for a stay of the PI Order pending appeal. Courts in this Circuit have previously granted temporary stays for this precise purpose. *See U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, No. 12-CV-423 (JGK), 2012 WL 2033548, at *1 (S.D.N.Y. June 5, 2012) (collecting cases); *United States v. Am. Express Co.*, No. 10-CV-4496 (NGG), 2015 WL 13735045, at *9 (E.D.N.Y. May 19, 2015) (denying motion to stay pending appeal, but *sua sponte* imposing a temporary stay of permanent injunction to allow party to seek a stay pending appeal from the Second Circuit) (citing *Rodriguez v. DeBuono*, 175 F.3d 227, 235–36 (2d Cir. 1999)); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) (a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.") (internal citation and quotations omitted). The Court will therefore allow a brief stay to enable Plaintiffs to make this application.

## CONCLUSION

In light of the foregoing, Plaintiffs' motion is DENIED, but the Court temporarily STAYS the effect of the PI Order (as to the remaining amount frozen in the Pandabuy account and the injunctive relief regarding Plaintiffs' products) **for fourteen (14) days** from the date of this order solely to allow Plaintiff to file an application to the Second Circuit pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

Dated: January 21, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

8